ON PETITION FOR REHEARING
PER CURIAM.
Mr. Mullin asked this court to stop the disciplinary proceeding against him, contending the applicable statute of limitations had run. We determined we had no jurisdiction. On rehearing, Mullin contends we overlooked Circuit Court of Twelfth Judicial Circuit v. Dept. of Natural Resources, 339 So.2d 1113 (Fla.1976) and State ex rel. Division of Administration v. Oliff, 350 So.2d 484 (Fla. 1st DCA 1977). Those cases entertained prohibition where sovereign immunity was asserted by an agency. Mullin argues the running of the statute of limitations renders the Department without subject matter jurisdiction just as the affirmative defense of sovereign immunity.
Research reveals no Florida opinions applying prohibition where the statute of limitations allegedly has run. We do not find it appropriate. Malone v. Meres, 91 Fla. 709, 109 So. 677, 684 (1926) stated:
“ ‘Jurisdiction of a subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good *1217 cause of action in the plaintiff therein. A judgment rendered by a court, having power lawfully conferred to deal with the general subject involved in the action, and having jurisdiction of the parties, although against the facts or without facts to sustain it, is not void as rendered without jurisdiction, and cannot be questioned collaterally.’ Hunt v. Hunt, 72 N.Y. 217, 28 Am.Rep. 129.”
The Department clearly had jurisdiction to initiate the disciplinary proceeding ‘against Mullin. By analogy Fla.R.Civ.P. 1.110(d) specifically lists the statute of limitations as an affirmative defense. If not raised, it is waived. Lack of jurisdiction over the subject matter, on the other hand, may be raised at any time. Rule 1.140(h)(2).
The hearing officer’s interlocutory order refusing to dismiss the proceeding on the basis of the limitation is one reviewable on appeal, and not subject to collateral attack as a matter of right. The petition for rehearing is
DENIED.
BOYER, Acting C. J., and MILLS and ERVIN, JJ., concur.